12 CIV 2913

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY DEROSA and TAVIS EATON<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK and DOES 1-10,<br><br>Defendants. | Index No _____<br><br>**COMPLAINT AND JURY DEMAND**<br><br>RECEIVED<br>APR 13 2012<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

Plaintiffs Anthony Derosa and Tavis Eaton, by their attorney, John M. Lambros, respectfully allege as follows:

## NATURE OF THE ACTION

1.   This action arises from the deprivation of Plaintiffs' rights guaranteed to them under the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the statutory and common laws of New York State, and the New York State Constitution.

## JURISDICTION

2.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343 and 1367.

3.   Venue is proper under 28 U.S.C. § 1391(b) because the allegations contained in this Complaint arose in New York County, New York.

## PARTIES

4.  Tavis Eaton resides in New York County, New York.

5.  Anthony Derosa resides in Verplanck, NY.

6.  Defendant the City of New York is a municipality existing under the laws of New York State.

7.  Defendants Does 1 through 10 are yet-to-be identified individuals with the NYPD and are sued in their individual, official, and supervisory capacities.

8.  At all times hereinafter mentioned, the individual defendants, either personally or through their agents, were acting within the scope of their employment and under color of state law and/or in compliance with and in furtherance of the official rules, regulations, laws, customs, usages and/or practices of the City of New York and the NYPD. All of the acts of NYPD officers complained of herein were committed by one or more of the aforementioned defendants. Plaintiffs are presently without sufficient knowledge or information to particularize the specific acts of individual defendants.

## FACTS

9.  On or about December 9, 2011, Anthony DeRosa, Tavis Eaton, and DeRosa's girlfriend Monica were walking out of Arleene's grocery after seeing a musical performance. The show ended at about 11:45 pm. As they departed, people were grouping into taxis to return to Midtown West. After about 15 minutes of trying to hail a taxi, the three stepped slightly off of the curb to try and better see any cabs in order to hail one. A taxi then changed course and sped toward them. It screeched to a halt about a foot from Plaintiffs. One of the occupants of the taxi, a police officer, said: "mother

fucker, get your ass on the car." The man, who seemed to be holding a badge in his hand, but never identifying himself as an officer, pressed his chest against DeRosa, hoping to provoke an altercation. Mr. DeRosa's hands never left his side. The officer then shoved Mr. DeRosa with all of his might. Mr. DeRosa was thrown back uncontrollably and crashed into Monica. The officer then began to shout obscenities and forcefully grabbed at DeRosa. The officer then let loose with a great deal of obscenity and was literally yanking DeRosa toward the car. DeRosa identified himself as a military police officer and a combat veteran. The officer claimed not to care. The officer then handcuffed DeRosa and called him a "fucking douche bag." He then squeezed the handcuffs onto DeRosa's wrist until they would not go any tighter. The handcuffs were so tight, they immobilized DeRosa's fingers through the tendons on his wrist. The pain was excruciating and Mr. DeRosa yelled out.

10. Mr. Eaton then approached to continue to plead with the officers to listen to Mr. DeRossa. Mr. Eaton was then arrested for no apparent reason. Mr. Eaton was treated with brutality, disrespect and lawlessness. The officers pulled up on the cuffs causing joint impingement bilaterally on the shoulders. The gentlemen were then dragged into the car and thrown onto the bench seat of the taxi. At the precinct, the gentlemen were written tickets for disorderly conduct. Mr. DeRosa has lost sensation in one hand. He is undergoing additional nerve testing.

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983)

11. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

3

12. As a result of defendants' individual and collective acts, Plaintiffs were unlawfully detained, searched, and subjected to excessive force in violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and in violation of their rights under the statutory and common laws of New York State and the New York State Constitution.

13. Plaintiffs suffered injuries due to defendants' deliberate indifference to Plaintiffs' rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Specifically, the City failed to adequately train, supervise, and/or discipline members of the police department and said indifference resulted in the violation of Plaintiffs 'rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

14. Plaintiffs were injured by defendants because their acts were perpetrated based on custom, usage, patterns, and policies instituted by the municipal policymakers and resulting in violations of Plaintiffs' civil rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

15. Specifically, reviewing the totality of the circumstances, the individual defendants' decisions to search, seize, and subject Plaintiffs to excessive force lacked any legal justification.

16. The City's training and supervision policies were (and continue to be) constitutionally inadequate. "While New York City pays the Police Department's skyrocketing legal bills, the department makes almost no effort to learn from lawsuits brought against it and its officers. The department does not track which

4

officers were named, what claims were alleged or what payouts were made in the thousands of suits brought each year. What's more, officers' personnel files contain no record of the allegations and results of lawsuits filed against them." Joanna C. Schwartz, *Watching the Detectives*, N.Y. TIMES, June 16, 2011 at A35 (reporting on a study of police misconduct cases conducted by New York's Comptroller, John C. Liu.). Accordingly, the City deliberately provides officers with no incentive to avoid Constitutional violations.

17. Plaintiffs was injured because the defendants failed to intervene to stop the illegal acts perpetrated against Plaintiffs and conspired against Plaintiffs, and, as a result, violated Plaintiffs' rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Here, not one of the numerous officers at the scene intervened to stop the humiliating and violent treatment of Plaintiffs. Because New York City has notice of, but has repeatedly failed to make any meaningful investigation into, charges that its employees were violating citizens' constitutional rights, it is further exposed to *Monnell* liability.

18. Damages from the search and seizure of Plaintiffs, coupled with the use of excessive force used against them, which was in violation of the Fourth Amendment, are presumed. Where the plaintiffs, as here, were indisputably deprived of their liberty, and the conduct of the defendant responsible for the deprivation is unlawful (*e.g.*, excessive force), the plaintiffs are entitled to not merely nominal, but compensatory damages.[1]

---

[1] *See Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004).

19. Because there is Constitutional injury—*i.e.,* excessive force, unlawful search, and seizure—and there is no genuine dispute that the violation resulted in injury to the plaintiffs, the plaintiffs are entitled to an award of compensatory damages as a matter of law, which are to be determined by a jury.[2]

20. Plaintiffs also seek damages for emotional distress and humiliation, economic damages, and punitive damages to be determined by a jury. Plaintiffs also seeks attorneys' fees.

## SECOND CAUSE OF ACTION

(Negligence)

21. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

22. Defendants owed Plaintiffs a duty of reasonable care. Defendants breached that duty by unlawfully searching and seizing Plaintiffs, subjecting Plaintiffs to excessive force, and falsely arresting them. In addition, the City has a duty to monitor its officers and impose internal discipline when improper behavior is substantiated. In short, the City is obligated to weed out the bad apples. Its failure to do so also constitutes a breach of its duty of care. Defendants' breach was the legal and proximate cause of harm to Plaintiffs, discussed herein. Specifically, failing to discipline and train officers not to falsely arrest or unlawfully search and seize, particularly when they previously have done so, and the City has turned a blind eye, proximately caused the injuries complained of herein.

---

[2] *Id.*

6

23. Defendants' individual and collective acts constituted negligent training and/or supervision and resulted in violation of Plaintiffs' rights under the laws of the State of New York.

24. The City is liable under the theory of respondeat superior for the tortious conduct of its officers and otherwise responsible for the violations of Plaintiffs' rights under the laws of the State of New York and the United States.

25. As a result of the foregoing, Plaintiffs have been damaged and seek economic damages, compensatory damages, and damages for emotional distress, along with any punitive damages because defendants' actions were intentional, reckless, grossly negligent and/or willful and wanton, costs, and fees, as may be deemed proper by a jury and the Court.

## THIRD CAUSE OF ACTION

(False Imprisonment)

26. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

27. As a result of defendants' individual and collective acts, Plaintiffs were subjected to unlawful detention in violation of their rights under the laws of the State of New York. Specifically, Plaintiffs were detained and beaten without legal justification.

28. As a result of defendants' actions and/or inaction, Plaintiffs now suffer from severe emotional distress. Plaintiffs also seek costs and fees to be determined by the Court or a jury.

## FOURTH & FIFTH CAUSES OF ACTION

(Assault & Battery)

7

29. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

30. As a result of defendants' individual and collective acts, Plaintiffs were subjected to assault and battery in violation of their rights under the laws of the State of New York when they were repeatedly subjected to unauthorized and offensive touching and threatened by the Officer defendants.

31. As a result of defendants' actions and/or inaction, Plaintiffs suffered mental and emotional trauma, and are entitled to compensatory damages.

32. As a result of the foregoing, Plaintiffs have been damaged and seek compensatory damages, along with any punitive damages, costs, and fees as may be deemed proper by a jury.

**WHEREFORE,** Plaintiffs demand judgment against the defendants individually and collectively for the following:

a) Compensatory damages to be determined by a jury for pain and suffering, mental anguish, and deprivation of liberty;

b) Punitive damages to be determined by a jury for defendants' intentional, reckless, outrageous and illegal conduct;

c) Reasonable attorneys' fees and costs;

d) Economic damages;

e) Injunctive and declaratory relief; and

f) Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury for all issues pursuant to Fed. R. Civ. P. 38(b).

Dated: New York, NY
April 9, 2012

                                          LAW OFFICE OF JOHN M. LAMBROS

                                          By: _/s/ John Lambros_

                                          John M. Lambros (JL1265)
                                          40 Wall Street, 28th Floor
                                          New York, NY  10005
                                          Telephone: (212) 430-6474
                                          Facsimile: (212) 208-2933
                                          John@Lambroslawfirm.com